USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/4/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                             :

UNITED STATES OF AMERICA

                             :       CONSENT PRELIMINARY ORDER

       - v. -                   OF FORFEITURE/

                             :       MONEY JUDGMENT

SELWYN RAMPHAL,

                             :       24 Cr. 653 (GHW)

        Defendant.

                             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about November 20, 2024, SELWYN RAMPHAL (the "Defendant") was charged in a two-count Indictment, 24 Cr. 653 (GHW) (the "Indictment"), with conspiracy to violate the Anti-Kickback Statute, in violation of Title 18, United States Code, Section 371 (Count One); and violating the Anti-Kickback Statute, in violation of Title 42, United States Code, Section 1320a-7b(b)(1)(B) and Title 18, United States Code, Section 2 (Count Two);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), of any and all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of offenses charged in Counts One and Two of the Indictment;

WHEREAS, on or about March 4, 2026, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), and Title 28, United States Code, Section 2461, a sum of money equal to $2,000 in United States currency,

representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $2,000 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Patrick R. Moroney, of counsel, and the Defendant and his counsel, Valerie A. Gotlib Esq., that:

1.	As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $2,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2.	Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant SELWYN RAMPHAL, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.	All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New

York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278, and shall indicate the Defendant's name and case number.

4.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.      Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.      The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8.      The signature page of this Consent Preliminary Order of Forfeiture/Money

Judgment may be executed in one or more counterparts, each of which will be deemed an original

but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____          3/4/26
       Patrick R. Moroney                                          DATE
       Assistant United States Attorney
       26 Federal Plaza
       New York, NY 10278
       (212) 637-2330


SELWYN RAMPHAL

By: _____          3/4/26
       Selwyn Ramphal                                           DATE

By: _____          3/4/26
       Valerie A. Gotlib Esq.,                                    DATE
       Attorneys for Defendant
       20 Vesey Street, Suite 400
       New York, NY 10007

SO ORDERED:

_____          March 4, 2026
HONORABLE GREGORY H. WOODS                    DATE
UNITED STATES DISTRICT JUDGE